UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   vs.<br><br>ROBERT LARRY LYTLE,<br>a/k/a Larry Lytle,<br>IRINA KOSSOVSKAIA, and<br>FREDRETTA L. EASON,<br><br>                Defendants. | 5:17-CR-50020-KES<br><br>ORDER DENYING MOTION TO DISMISS INDICTMENT AND MOTION TO STAY JURY TRIAL |

Defendant Robert Larry Lytle moves to dismiss the indictment with prejudice because this matter was instituted by an attorney not authorized to practice before this court. Docket 103. Lytle also moves for the court to stay the jury trial for this case until such time as the United States Court of Appeals for the Eighth Circuit decides the appeal currently pending in the civil matter captioned: *United States of America v. 2035, Inc., a corporation, and Robert L. Lytle, an individual, d/b/a/ 2035 PMA and QLASERS PMA*, No. 17-2421 (8th Cir. appeal docketed June 28, 2017).[1] Docket 106. Plaintiff, the United States, opposes Lytle's motions. Dockets 108, 109. For the reasons stated below, the court denies both Lytle's motion to dismiss the indictment and his motion to stay the jury trial for this matter.

---

[1] Lytle's pending appeal before the Eighth Circuit appeals a decision of this court in a related civil case. *See United States v. 2035, Inc.*, 5:14-CV-5075-KES, Docket 193, (D.S.D. May 4, 2017) (order denying various motions filed by Lytle that sought relief from the permanent injunction entered against him).

## BACKGROUND

On January 26, 2017, an 18 count indictment was filed naming Lytle, Irina Kossovskaia, and Fredretta L. Eason as defendants.[2] Docket 2. The indictment is signed by the grand jury foreperson; by Ted L. McBride, an Assistant United States Attorney in the District of South Dakota; and by Ross S. Goldstein, a trial attorney from the Consumer Protection Branch of the United States Department of Justice. *Id.* The indictment was returned to United States Magistrate Judge Daneta Wollman in open court by the grand jury foreperson, attorney McBride, and attorney Goldstein on the same day.[3] *See* Docket 101-1 at 2-3.

On January 31, 2017, the court issued a scheduling and case management order for this matter as to Lytle and Eason. Docket 22. On March 21, 2017, following the initial appearance of Kossovskaia, the court issued a scheduling and case management order as to all three defendants. Docket 61. This order set the trial date for May 30, 2017. *Id.* Since March 21,

---

[2] The instant criminal case is closely related to the civil case involving Lytle referenced above in note one. For example, counts one through four of the indictment, charge Lytle and his co-defendants with either criminal contempt resulting from their alleged failure to obey the preliminary and permanent injunctions entered by Chief Judge Jeffrey L. Viken or with conspiracy to violate the injunctions ordered by Chief Judge Viken. *See* Docket 2 at 6-14 (counts one through four of the indictment); *see also United States v. 2035, Inc.*, 5:14-CV-5075-JLV, Docket 48, (D.S.D. January 14, 2015) (Preliminary Injunction entered by Chief Judge Viken); *United States v. 2035, Inc.*, 5:14-CV-5075-JLV, Docket 138, (D.S.D. October 13, 2015) (Amended Permanent Injunction entered by Chief Judge Viken).

[3] This transcript of the grand jury return was filed with the court in response to Lytle's previous motion to dismiss the indictment. *See* Docket 98 (motion to dismiss); Docket 102 (order denying Lytle's motion to dismiss).

2017, the court has granted three additional continuances requested by the parties. *See* Dockets 69, 90, 97. The most recent continuance order set Monday, January 22, 2018, as the trial date for this case.[4] Docket 97. January 22, 2018, remains the currently scheduled trial date. *See id.*

On September 28, 2017, Lytle filed his first motion to dismiss the indictment in this case. Docket 98. In that motion, Lytle argued that Rule 6(f) of the Federal Rules of Criminal Procedure required dismissal of the indictment because the docket for this case did not reflect that the grand jury foreperson or deputy foreperson returned the indictment to a magistrate judge in open court. *Id.* at 2. In response to Lytle's motion, the United States submitted the transcript from the January 26, 2017, return of indictment hearing that showed that the indictment was returned to Magistrate Judge Wollman in open court by the grand jury foreperson, attorney McBride, and attorney Goldstein. Docket 101-1 at 2-3. Thus, because the United States fully complied with the requirements of Federal Rule of Criminal Procedure 6(f), the court denied Lytle's motion to dismiss the indictment. Docket 102 at 3.

On November 30, 2017, in Lytle's related civil case, the court entered an order denying various motions filed by Lytle.[5] *See United States v. 2035, Inc.*, 5:14-CV-5075-KES, Docket 210 (D.S.D. November 30, 2017). One of the motions denied by the court was Lytle's motion to alter or amend the court's May 4, 2017 order under Rule 59(e) of the Federal Rules of Civil Procedure.

---

[4] This continuance was requested by Lytle on September 12, 2017. Docket 93.

[5] Lytle represents himself pro se in the related civil action.

3

*See id.*, Docket 210 at 6-9. Lytle filed his Rule 59(e) motion on May 17, 2017. *Id.*, Docket 210 at 6. On June 26, 2017—after Lytle had already filed his Rule 59(e) motion—Lytle filed a notice of appeal with the Eighth Circuit Court of Appeals, appealing this court's May 4, 2017 order.[6] *See id.*, Docket 198.

## DISCUSSION

### I. Motion to Dismiss the Indictment

Lytle moves to dismiss the indictment in this case for a second time. In the present motion to dismiss, Lytle first argues that this action is void because the action was instituted by attorney Goldstein, a lawyer who was not admitted to practice before this court when he appeared before the grand jury. Docket 103 at 1-5. Lytle's second argument is that attorney Goldstein's presence before the grand jury, while not admitted to practice before this court, is either a prejudicial error under Federal Rule of Criminal Procedure 6(d) or a violation of Lytle's Fifth Amendment due process rights.[7] *Id.* at 6-7. In response, the United States argues that attorney Goldstein's participation in this matter is proper under the relevant statutory authority and Eighth Circuit case law. *See* Docket 108.

---

[6] Lytle's appeal, which is still pending before the Eighth Circuit, is the basis for his motion to stay. *See* Docket 106.

[7] Lytle concedes in his brief in support of his motion to dismiss that there is no federal case law to support his due process claim. *See* Docket 103 at 7 (citing *Hamilton v. Roehrich*, 628 F. Supp. 2d 1033 (D. Minn. 2009)). Because the court's own review also failed to identify any federal case finding that defendants have a constitutional right to be prosecuted by a licensed attorney, the court denies Lytle's motion to dismiss under the Fifth Amendment's due process protections.

4

### A. Relevant Law

Under the Federal Rules of Criminal Procedure, only the following persons "may be present while the grand jury is in session: attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or an operator of a recording device." Fed. R. Crim. P. 6(d)(1). The term "Attorney for the government" is defined by the Federal Rules of Criminal Procedure to include "(A) the Attorney General or an authorized assistant; (B) a United States attorney or an authorized assistant; . . . and (D) any other attorney authorized by law to conduct proceedings under these rules as a prosecutor." Fed. R. Crim. P. 1(b)(1).

One of the duties of the Department of Justice, under the direction of the Attorney General, is the duty to conduct all litigation in which the United States is a party. 28 U.S.C. § 516. To help the Attorney General meet this duty, Congress has provided that

> [t]he Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.

28 U.S.C. § 515(a). Among the responsibilities assigned to United States Attorneys by Congress is the responsibility to prosecute "all offenses against the United States . . ." that occur within the United States Attorney's district. 28 U.S.C. § 547(1).

5

Given the broad responsibility of the Attorney General and the Department of Justice, Congress also empowered the Attorney General with the authority to "make such provisions as he considers appropriate authorizing the performance by any other officer, employee, or agency of the Department of Justice of any function of the Attorney General." 28 U.S.C. § 510. And in 28 C.F.R. § 0.13, the Attorney General has utilized 28 U.S.C. § 510 so that Assistant and Deputy Assistant Attorney Generals can appoint Department of Justice attorneys to represent the United States in legal proceedings where the United States is a party. 28 C.F.R. § 0.13 (authorizing Assistant and Deputy Assistant Attorney Generals with the ability "to exercise the authority of the Attorney General under 28 U.S.C. [§] 515(a) . . . to designate Department attorneys to conduct any legal proceeding . . . which United States attorneys are authorized by law to conduct," regardless of whether the appointed attorney is a resident of the district where the legal proceeding was brought).

In a trio of companion cases, the Eighth Circuit has recognized the statutory scheme put in place by Congress to allow the Attorney General to delegate his responsibility to his subordinates within the Department of Justice to conduct litigation in cases where the United States is a party. First, in *United States v. Wrigley*, 520 F.2d 362 (8th Cir. 1975), the Eighth Circuit recognized that "[t]he purpose of [28 U.S.C. §] 515(a) is to aid the effective enforcement of the criminal laws, to center the responsibility therefor in the Attorney General, and to insure that the United States is represented by persons with authority." *Id.* at 369 (citations omitted). The *Wrigley* court also

6

remarked that 28 U.S.C. § 515(a) creates "a broad grant of authority that empowers 'the Attorney General to clothe his subordinates with authority to make any appropriate investigation or prosecution, having to do with any alleged offense under any laws of the United States.'" *Id.* at 368 n.10 (quoting *United States v. Amazon Indus. Chem. Corp.*, 55 F.2d 254, 257 (D. Md. 1931)). Thus, given the purpose and broad authority provided to the Attorney General under 28 U.S.C. § 515(a), the *Wrigley* court concluded that the letter of appointment, which specifically directed a Department of Justice Attorney to conduct grand jury proceedings in the Western District of Missouri, was proper under 28 U.S.C. § 515(a) and provided the special attorney with authority to conduct the designated litigation. *Id.* at 367-68.

Second, in *United States v. Agrusa*, 520 F.2d 370 (8th Cir. 1975), the issue before the court was whether the Attorney General could "delegate his authority under [§] 515(a) to subordinate officers." *Id.* at 371. Before addressing the issue, the court recognized its holding from the companion case *Wrigley* "that letters of appointment which specifically direct the special attorneys to conduct grand jury proceedings . . . satisfy 28 U.S.C. [§] 515(a)." *Id.* (citing *Wrigley*, 520 F.2d 362 at 367). Then, after also reviewing the legislative history of 28 U.S.C. § 515(a), the *Agrusa* court concluded that 28 U.S.C. § 510 provided sufficient statutory authority to conclude that "[n]othing in 28 U.S.C. [§] 515(a) or its legislative history evidences a congressional intent to limit the delegation authority of the Attorney General under 28 U.S.C. [§] 510." *Id.* at 372. Thus the court again held that the appointment of a Department of

7

Justice attorney to conduct litigation in the Western District of Missouri by letter of appointment was proper. *Id.*

Third, in *DiGirlomo v. United States*, 520 F.2d 372 (8th Cir. 1975), the defendant argued that the participation of a Department of Justice attorney—who was appointed via a letter of appointment—was improper and required dismissal of the defendant's indictment. *Id.* at 374. The Eighth Circuit rejected DiGirlomo's arguments and recognized that the arguments were foreclosed by the court's recent decisions in the companion cases of *Wrigley* and *Agrusa*. *Id.*

### B. Whether attorney Goldstein's appearance in this case is proper?

Lytle argues that because attorney Goldstein was not admitted to practice before this court when he signed the indictment and when he participated in the return of indictment hearing before Magistrate Judge Wollman, the indictment in this case is void. *See* Docket 103 at 2. In support of his argument, Lytle cites numerous decisions from various state Supreme Courts recognizing "the legal maxim that legal proceedings instituted by a person not licensed to practice law are a nullity." *Id.* at 3 (citing *McKenzie v. Burris*, 500 S.W.2d 357, 359-60 (Ark. 1973); *Russell v. Dopp*, 42 Cal. Rptr. 2d 768, 775 (Cal. Ct. App. 1995); *People v. Dunson*, 737 N.E.2d 699, 706 (Ill. 2000); *People v. Munson*, 150 N.E. 280, 283 (Ill. 1925); *Stevens v. Jas. A. Smith Lumber Co.*, 222 N.W. 665, 666 (S.D. 1929)). Lytle also argues that because

attorney Goldstein's appearance violated Local Rule 44.1, dismissal of the indictment with prejudice is warranted.[8] Docket 103 at 4-5.

The United States disagrees with Lytle's contention and instead argues that attorney Goldstein's participation in this case is proper under the mechanism established by Congress and approved by the Eighth Circuit. Docket 108 at 4. In support of this point, the United States cites a March 17, 2016 letter of appointment from then-Deputy Assistant Attorney General Jonathan F. Olin. *See* Docket 108-1. That letter states:

> Dear Mr. Goldstein:
>
> As an attorney for the government employed full time by the Department of Justice and assigned to the Consumer Protection Branch, you are hereby authorized and directed to file informations and to conduct in the District of South Dakota and in any other judicial district, any kind of legal proceedings, civil or criminal, including grand jury proceedings and proceedings before United States Magistrates, which United States Attorneys are authorized to conduct.
>
> You may file a copy of this letter with the Clerk of the District Court to evidence this authorization.
>
> Sincerely yours,
>
> Jonathan F. Olin
> Deputy Assistant Attorney General

*Id.* The United States argues that this letter alone is sufficient to verify that attorney Goldstein was "an authorized attorney for the government within the meaning of [Federal Rule of Criminal Procedure] 1(b)(1) and permitted under

---

[8] Local Rule 44.1 is the local rule governing the admission of non-licensed attorneys to practice within this district. D.S.D. Crim. LR 44.1. Local Rule 44.1(F) is the subsection that applies to attorneys employed by the United States.

9

Rule 6(d) [of the Federal Rules of Criminal Procedure] to be present while the grand jury was in session." Docket 108 at 4.

Having reviewed the relevant law and attorney Goldstein's letter of appointment, the court agrees with the United States that attorney Goldstein's participation in this case is proper. As the Eighth Circuit's decisions in *Wrigley*, *Agrusa*, and *DiGirlomo* make clear, the requirement for satisfying 28 U.S.C. § 515(a) is not onerous because as long as a letter of appointment mirrors the statutory language of section 515(a), the appointment will be upheld as valid. *See, e.g.*, *Wrigley*, 520 F.2d at 367-68. Thus, because the letter of appointment from Deputy Assistant Attorney General Olin authorizing attorney Goldstein to participate in this matter is valid, Lytle's motion to dismiss must be denied.

Even if Lytle's argument had some basis in federal law,[9] his motion to dismiss would still be subject to a harmless error analysis. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 254-56 (1988). Under a harmless error analysis, "dismissal of the indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Id.* at 256 (quoting *United States v. Mechanik*, 475 U.S. 66, 78 (1986) (O'Connor, J., concurring)). Here, Lytle has not engaged in a harmless error analysis, and instead relies solely on his argument that the initiation of a criminal case by a non-licensed attorney

---

[9] As a review of Lytle's brief in support of his motion to dismiss makes clear, his argument that an indictment is void if a suit is initiated by a non-licensed lawyer relies exclusively on decisions from state courts. *See* Docket 103 at 3-5.

either voids the indictment or is prejudicial error sufficient to warrant dismissing the case. Docket 103 at 3-6. But, as noted above, *supra* at 4 n.7, the court has not found a federal case that holds that the Constitution requires criminal cases to be initiated by licensed lawyers. *Cf. Hamilton*, 628 F. Supp. 2d at 1054 (concluding that a defendant has no constitutional right to be prosecuted by a licensed attorney). Further, even assuming that Lytle was harmed by attorney Goldstein's participation before the grand jury, the participation of attorney McBride—who Lytle concedes is properly licensed to practice before this court—throughout the duration of the grand jury proceedings would be sufficient to cure the error. Thus, Lytle's failure to demonstrate that attorney Goldstein's participation before the grand jury casts grave doubts regarding the grand jury's decision to indict him serves as an additional independent basis for denying Lytle's motion to dismiss.[10]

---

[10] Lytle is correct, however, in his argument that the United States failed to comply with the requirements of Criminal Local Rule 44.1(F). While the failure to comply with a local rule can lead to the dismissal of a case, the Eighth Circuit has recognized "that 'the application of local rules is a matter peculiarly within the district court's province.' " *Yannacopoulos v. Gen. Dynamics Corp.*, 75 F.3d 1298, 1035 (8th Cir. 1996) (quoting *Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992) (per curiam)); *see also Silberstein v. I.R.S.*, 16 F.3d 858, 860 (8th Cir. 1994) ("[T]he district court has considerable leeway in the application of its local rules" (citation omitted)). "Indeed, '[i]t is for the district court to determine what departures from its rules may be overlooked.' " *Silberstein*, 16 F.3d at 860 (alteration in original) (quoting *Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir. 1984)). Here, the interests of justice weigh heavily in favor of overlooking the noncompliance with Local Rule 44.1(F).

## II.   Motion to Stay

Lytle also moves the court to stay the jury trial for this case until such time as the Eighth Circuit decides Lytle's pending civil appeal. *See United States of America v. 2035, Inc.*, No. 17-2421 (8th Cir. appeal docketed June 28, 2017). Docket 106. The decision of whether to issue a stay is generally a matter within a district court's discretion. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (citations omitted).

Lytle bases his request for a stay on his often-repeated argument that this court lacked jurisdiction over him to issue the preliminary and permanent injunctions in his related civil case. *See United States v. 2035, Inc.*, 5:14-CV-5075-JLV, Docket 48, (D.S.D. January 14, 2015) (Preliminary Injunction entered by Chief Judge Viken); *United States v. 2035, Inc.*, 5:14-CV-5075-JLV, Docket 138, (D.S.D. October 13, 2015) (Amended Permanent Injunction entered by Chief Judge Viken). Not only has this court rejected Lytle's jurisdictional arguments in his related civil case, *see, e.g., id.*, Docket 193 (D.S.D. May 4, 2017), but the Eighth Circuit has twice concluded that the court had jurisdiction over Lytle and his case. *See United States v. 2035, Inc.*, 668 F. App'x 679, 680 (8th Cir. 2016) (per curiam); *Lytle v. U.S. Dep't of Health & Human Servs.*, 612 F. App'x 861, 861-62 (8th Cir. 2015) (per curiam). Thus, given that the Eighth Circuit has twice concluded that the court had jurisdiction to enter the preliminary and permanent injunctions against Lytle, the court finds it highly unlikely that the Eighth Circuit will change its mind during Lytle's third appeal.

Further, even if the Eighth Circuit did conclude that the court lacked jurisdiction to enter the preliminary and permanent injunctions against Lytle, the decision would not automatically absolve Lytle for his alleged refusal to comply with those injunctions. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[A]n order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings."). "It is hornbook law that the mere fact that an order is erroneous does not mean that a party may violate it with impunity." *In re Ragar*, 3 F.3d 1174, 1180 (8th Cir. 1993). Thus, even if this court was wrong to exercise jurisdiction over Lytle, the law requires Lytle to comply with the preliminary and permanent injunctions. *See id.* (observing that where a party fails to comply with a court order, "the party in violation may be held in contempt, even if he or she later succeeds in getting the order overturned on appeal"). Thus, the court concludes that Lytle's pending civil appeal fails to provide a sufficient basis for staying his criminal proceedings.

## CONCLUSION

Attorney Goldstein's participation before the grand jury in this case was proper under the relevant statutory authority and Eighth Circuit case law. Further, even if Lytle was able to show that attorney Goldstein's participation before the grand jury was improper, Lytle has failed to show that the improper participation before the grand jury would amount to more than a harmless error. Lytle also has failed to demonstrate a basis for staying this trial given this court's and the Eighth Circuit's previous decisions in the related civil

13

matter concluding that the court had jurisdiction to enter the preliminary and permanent injunctions against Lytle. Thus, it is

ORDERED that Lytle's motion to dismiss the indictment with prejudice (Docket 103) and Lytle's motion to stay (Docket 106) are denied.

DATED December 27, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE